81   241
16ap562

NORMAN M. ALLEN, Appellant, *v.* HIRAM F. HENRY, Respondent.

*Action on a promissory note — proof sufficient to establish that the payee is the agent of the maker.*

Upon the trial of an action brought upon a promissory note it was shown that the maker of the note delivered it to the payee, who did not pay anything therefor, and that the payee took the note and transferred it to a third person by an assignment upon the back thereof, and did not in any manner indorse it, so that he would become liable thereon, and that such third person drew a draft for the amount of the note and delivered it to the payee, who took the draft and delivered it to the maker, who drew the money thereon.

*Held,* that the person procuring the money for the maker was his agent, or, at least, that the trial court would be justified in so finding.

APPEAL by the plaintiff, Norman M. Allen, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Cattaraugus on the 19th day of March, 1894, upon the verdict of a jury rendered by direction of the court after a trial at the Cattaraugus Circuit dismissing the plaintiff's complaint, and also from an order entered in said clerk's office on the 28th day of February, 1894, denying his motion for a new trial made upon the minutes.

*William H. Henderson,* for the appellant.

*Sherman S. Rogers,* for the respondent.

HAIGHT, J.:

This action was brought to recover the amount of two promissory notes, one for $3,000, dated July 30, 1889, and the other for $1,000, dated September 25, 1889. Inasmuch as the allegations of the complaint and the evidence given upon the trial are substantially the same in reference to each note, we shall consider that only which pertains to the first note. The instrument is as follows :

"GOWANDA, *July* 30, 1889.

" On demand I promise to pay to F. Monson Three Thousand Dollars, with interest, for value received.

" $3,000.00.                     H. F. HENRY."

The complaint in substance alleges in reference thereto that at the time of the making of the note Monson was the agent of the defendant, and had been such agent for some time theretofore, and continued to be such agent for some time thereafter, in the financial affairs and business of the defendant; that the defendant, at the time of making the note, desired Monson to procure for him the sum of $3,000, and, to enable him to do so, he made, executed and delivered to Monson the note in question; that he delivered the note to Monson, who received it as such agent, for the purpose and with the authority to sell and transfer it to whosoever would pay him for it the sum of $3,000. The complaint further alleges that Monson on the same day did sell, transfer and assign the note to the banking firm of N. M. Allen & Son, who were co-partners and doing business as bankers; that N. M. Allen & Son drew their draft for the sum of $3,000, upon the Seaboard National Bank of New York, payable to the order of Monson, and delivered the same to him for such note, and Monson thereupon indorsed the said draft and delivered it to the defendant, who subsequently indorsed the same and drew the money thereon.

The answer admits that from time to time before and after the making of the note Monson had been authorized to do and perform certain acts for the defendant, but denies that Monson was ever the general agent in the financial affairs of the defendant, or that he

was the agent of the defendant in the transaction pertaining to the note. The answer alleges a counterclaim consisting of checks drawn by N. M. Allen & Son upon themselves, amounting in the aggregate to the sum of $28,000. Upon the trial the making of the note was admitted and evidence was given showing its assignment to N. M. Allen & Son; that it was paid for in the manner alleged in the complaint, and that the plaintiff has succeeded to the interest of N. M. Allen & Son.

The nonsuit appears to have been ordered upon the ground that the plaintiff had failed to establish that Monson was the agent of the defendant. It is now contended that the court erred and that the plaintiff was entitled to judgment. If the allegations of the complaint, of agency, can be treated as surplusage, the plaintiff's claim must be sustained. But this question we do not at this time determine.

As to whether Monson was an agent, it appears that a former action had been tried between the parties, based upon the checks set forth in the counterclaim, in which it appeared that the defendant transmitted money and drafts to Monson to take and deposit the same with Allen & Son; that he did so, procuring checks therefor which he indorsed over to the defendant, and upon that trial defendant testified that he had consulted lawyers in reference to them and was firmly convinced that they were safe and certain, and then remarked: "But I suppose that Mr. Monson from the first to the last was a middleman between us. He received my money and sent it on." It is claimed on behalf of the appellant that this admission shows that the defendant regarded Monson as his agent and that the note was transmitted to him in the same way that he had transmitted money and drafts for deposit. On behalf of the respondent it is contended that the admission only had reference to the checks and did not include the notes. But to our mind the transaction itself speaks louder than words. The facts are undisputed. The defendant drew the note and delivered it to Monson. There is no pretense that Monson paid anything therefor. Monson took the note to N. M. Allen & Son and transferred it to the firm by an assignment upon the back thereof. He did not in any manner indorse it so as to become liable thereon. N. M. Allen & Son drew their draft for the amount upon their correspondent in New

York and delivered it to Monson. Monson took the draft and delivered it to the defendant, who drew the money thereon. The facts are very similar to those of *The Commercial Bank* v. *Cameron* (79 Hun, 63), recently considered by this court, in which it was held that the person so procuring the money for another was an agent, or, at least, that the trial court would be justified in so finding. It does not appear to us that the letter from Monson to Henry, dated September 23, 1889, contradicts or impairs the inferences to be drawn from the facts alluded to. In this letter he makes a statement of the defendant's account up to October first. In it he charges interest on $3,000 from July thirtieth, and on $1,000 from September twenty-third, from which it is contended that the charge was made in his own behalf, as if he was the holder of the notes. But if such is the purport of his letter, then why does he credit the defendant with three months' interest on $28,000, and deduct the amount of interest accrued upon these notes therefrom? The $28,000 was on deposit with N. M. Allen & Son. The defendant held the firm's checks therefor, and why should Monson deduct the interest belonging to him upon the notes from interest that had accrued and was owing from Allen & Son?

The judgment and order appealed from should be reversed and a new trial granted, with costs to abide the event.

DWIGHT, P. J., and LEWIS, J., concurred; BRADLEY, J., concurred in the result.

Judgment and order appealed from reversed and new trial granted, with costs to abide the event.